GLEN, J.
Defendant was convicted by a jury of violating section 11721 of the Health and Safety Code, which provides in part as follows:
“No person shall be under the influence of narcotics except when such narcotics have been administered by or under the direction of a person licensed by the State to prescribe and administer narcotics. ...”
It is conceded that the evidence is sufficient to sustain the verdict, but error is claimed by the defendant because the court gave the following instruction:
“If a narcotic drug is appreciably affecting the nervous system, brain, muscles, or other parts of a person’s body, or is creating in him any perceptible abnormal mental or physical condition, then such a person is under the influence of a narcotic drug within the meaning of the statute.”
Defendant draws a close analogy between the language used in section 11721 of the Health and Safety Code and section 502 of the Vehicle Code, and points out that any definition of the phrase “under the influence” adopted by the courts is equally applicable to both section 11721 of the Health and Safety Code and section 502 of the Vehicle Code.
Defendant earnestly contends that any definition of the phrase “under the influence of narcotics” must in some manner point out that the narcotics have so far affected the nervous system, brain or muscles of the person under consideration as to impair to an appreciable degree his ability to act in a manner like that of an ordinarily prudent man in full possession of his faculties, using reasonable care and doing similar acts under like conditions.
Section 502 of the Vehicle Code condemns driving while under the influence of intoxicating liquor, and in People v. *Supp. 961 Dingle, 56 Cal.App. 445 [205 P. 705], and subsequent cases, a definition of the words “under the influence of intoxicating liquor” was adopted, defining that phrase as follows:
“. . . if intoxicating liquor has so far affected the nervous system, brain, or muscles of the driver of an automobile as to impair, to an appreciable degree, his ability to operate his car in the manner that an ordinarily prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions, then such driver is ‘under the influence of intoxicating liquor’ within the meaning of the statute.”
With defendant’s contention we cannot agree, because the evils sought to be controlled by section 11721 of the Health and Safety Code and section 502 of the Vehicle Code are not the same. The object of section 11721 of the Health and Safety Code is to control the taking of a narcotic by an individual, which is deemed harmful to the human body. It does not prohibit any act or conduct while under the influence of the narcotic. On the other hand, the clear purpose of section 502 of the Vehicle Code is not to prohibit or to control drinking but to prevent the operation of a motor vehicle by one who is under the influence of intoxicating liquor. Thus the liquor must affect the person’s ability to drive, as pointed out in the Dingle case, supra. While one under the influence of a drug may be a dangerous individual, both to himself and to others, no particular conduct is required before he may be found guilty of violating the Health and Safety Code section under consideration. On the other hand, while a man under the influence of liquor may likewise be dangerous to himself and others, he cannot be convicted under section 502 of the Vehicle Code unless he drives an automobile.
The instruction given was clear and concise and properly omitted any requirement that the defendant be performing an act, and it presented a reasonable and logical interpretation of section 11721 of the Health and Safety Code.
Judgment is affirmed.
Turrentine, P. J., and Burch, J., concurred.